UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CASESTRY, LLC,

                              **Plaintiff,**

               v.                                6:19-CV-1255
                                                               (FJS/ML)

CASEFUL, LLC,

                              **Defendant.**
_____

**APPEARANCES**                                        **OF COUNSEL**

**WLADIS LAW FIRM, P.C.**                 **TIMOTHY J. LAMBRECHT, ESQ.**
P. O. Box 245
Syracuse, New York 13214
Attorneys for Plaintiff

**CASEFUL, LLC**                               **NO APPEARANCE**
Defendant

**SCULLIN, Senior Judge**

## ORDER

       Plaintiff commenced this action on October 15, 2019, *see* Dkt. No. 1, and effected service on Defendant on October 18, 2019, *see* Dkt. No. 6. Defendant failed to answer or otherwise defend this action within the required time frame. Plaintiff, therefore, filed a request for a Clerk's Entry of Default, *see* Dkt. No. 11, which the Clerk entered on December 9, 2019, *see* Dkt. No. 12. On December 17, 2019, Plaintiff filed the pending motion for entry of a default judgment. *See* Dkt. No. 13.

       In its complaint, Plaintiff asserted four causes of action, *i.e.*, federal trademark infringement pursuant to 15 U.S.C. § 1114(1)(a), cybersquatting pursuant to 15 U.S.C. § 1125(d)(1)(A), trademark infringement and unfair competition pursuant to 15 U.S.C. § 1125(a), and unfair

competition/trademark infringement under New York common law. *See generally* Dkt. No. 1, Complaint. Having reviewed the allegations in Plaintiff's complaint, the Court finds that Plaintiff has stated a valid claim for relief with regard to each of its causes of action.

Plaintiff seeks statutory damages under 15 U.S.C. § 1117(c), (d), with regard to its cybersquatting claim under 15 U.S.C. § 1125(d)(1)(A) and its trademark infringement and unfair competition claim under 15 U.S.C. §1125(a). Plaintiff also seeks a permanent injunction against Defendant.

Having reviewed the entire file in this matter, Plaintiff's submissions and the applicable law, the Court hereby

**ORDERS** that, pursuant to 15 U.S.C. § 1117(c), Plaintiff is awarded statutory damages in the amount of **$50,000.00** from Defendant for use of a counterfeit mark in conjunction with products sold through its infringing domain name; and the Court further

**ORDERS** that, pursuant to 15 U.S.C. § 1117(d), Plaintiff is awarded statutory damages in the amount of **$50,000.00** from Defendant for use of its infringing domain name; and the Court further

**ORDERS** that Defendant, its officers, agents, servants, employees, attorneys, confederates, and persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from the following:

> 1. Using any mark or name which contains "Casestry," or any word that is confusingly similar thereto, including "Casetry," in any Internet domain name, including, but not limited to, www.casetry.com, or any social media reference or "handle," including, but not limited to, https://www.facebook.com/Casetry-USA-407907373330130/; https://www.instagram.com/casetryusa/?hl=en; https://twitter.com/Caseful5; https://twitter.com/CasetryUsa; and

https://www.pinterest.com/casetryusa/;

2. Committing any act calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of Casestry, or are sponsored, approved by, or connected with Casestry;

3. Further infringing on Casestry's Trademark and damaging Casestry's goodwill;

4. Otherwise competing unfairly with Casestry in any manner; and

5. Using, linking to, transferring, selling, exercising control over, or otherwise owning the infringing domain name www.casetry.com, or any other domain name that is likely to cause confusion between the source of Defendant's products;

and the Court further

**ORDERS** that GoDaddy.com, LLC, the domain name registrar for www.casetry.com, within ten (10) days of the receipt of this Order, shall unlock and change the registrar of record for www.casetry.com to a registrar of Plaintiff's selection, and that the domain name registrar shall take any steps necessary to transfer the infringing domain name to a registrar of Plaintiff's selection; and the Court further

**ORDERS** that those in privity with Defendant and with notice of this injunction, including any Internet search engines, web hosts, domain-name registrars and domain name registries that are provided with notice of this injunction, cease facilitating access to any and all websites through which Defendant engages using the infringing mark, "Casetry."

**IT IS SO ORDERED.**

Dated:  July 7, 2020
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge